IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,263






EX PARTE DONALD C. HEIDELBERG, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 804016-A IN THE 228
TH JUDICIAL DISTRICT COURT


OF HARRIS COUNTY





 Per Curiam.


O R D E R



 After a jury trial, the applicant was convicted of aggravated sexual assault and
sentenced to twenty-five years in prison. On appeal, the applicant argued that his conviction
should have been reversed because the prosecutor invited the jury to consider the applicant's
post-arrest silence against him during testimony and in her final summation, in violation of
our state constitutional privilege against self-incrimination. (1) In a published opinion, the
Houston First Court of Appeals held that the applicant had failed to preserve the state
constitutional issue, having only invoked the Fifth Amendment to the United States
Constitution in his trial objection. (2) This Court affirmed the judgment of the court of appeals
in a published opinion on the applicant's petition for discretionary review. (3)

 In his post-conviction application for writ of habeas corpus brought pursuant to
Article 11.07 of the Texas Code of Criminal Procedure, (4) the applicant now argues that his
trial counsel provided ineffective assistance of counsel under the Sixth Amendment to the
United States Constitution in failing to invoke our state constitutional provision in his trial
objection to the prosecutor's invitation to the jury to consider his post-arrest silence. (5) He
presents an affidavit from trial counsel in which she acknowledges that her pre-trial research
had been inadequate to inform her that a state constitutional objection could have been made,
and that her failure to do so was not a matter of trial strategy.

 During the State's cross-examination of the applicant, the prosecutor made several
references to the fact that the applicant never attempted to contact the investigating officer,
James Fitzgerald, a detective in the Harris County Sheriff's office, "to talk to [him] about this
case." Because the record as it comes to us is not clear as to exactly when the applicant was
arrested, many of these questions, though certainly seeming to relate to post-arrest silence,
are nevertheless ambiguous. For example:

 Q. Did you ever ask to talk to the detective about this case once you knew
that the charges were there?


 A. I didn't know about any charges until July of this year.


 Q. And in July of this year did you ask to talk to the detective on the case?


 A. Well, I was already incarcerated. So -


 Q. Well, did you ever ask anyone -


 [Defense Counsel]: Objection, Your Honor. This goes to the Fifth
Amendment.


 THE COURT: Overruled. Answer the question.


 A. Did I ask to talk to a detective?


 Q. ([Prosecutor]) Yes, Sir.


 A. No.


 Q. Because you certainly - you certainly could have talked with the
detective about all these horrible things that [the complainant] has gone
through that have led her to lie - let me finish my question.


 A. Sorry.


 Q. You certainly could have talked with the investigating officer in this
case and explained to him, in your opinion, why [the complainant]
made this up; right?


 [Defense Counsel]: Objection, Your Honor. My client - all of this line
of questioning goes to the Fifth Amendment. My client does not have to speak
to anyone about it.


 THE COURT: Be overruled.


 A. Could you ask the question again, please.


 Q. ([Prosecutor]) You could have talked with the investigating officer
once you knew about the charges and explained to him how this was a
false allegation and why it was a false allegation?


 A. Well, when I knew about it, I didn't know that I had to talk to any
detective or anything about it. I did request to see an attorney so I
could tell them about it, to tell someone. When I got arrested I told
whoever the detectives I talked to about it.


 Q. Did you ever make any attempt to talk to the detective on this case to
tell him your side?


 [Defense Counsel]: Objection, Your Honor. This is asked and
answered.


 ([Prosecutor]): I don't think he's answered it yet, Judge, or I wouldn't
keep asking.


 THE COURT: Be overruled. Answer the question.


 A. When I was incarcerated, I did.


 Q. ([Prosecutor]) You did?


 A. Yes.


 Q. Who did you talk to about it, which detective?


 A. When I was going through - well, I don't know if they were a detective
or not, but whoever was telling me about it and they were asking me
about it, I was telling them. So I guess they were the ones who was in
charge or I don't know.


 Q. Did you ever say, "I want to talk to the detective that handled this
case?"


 A. No, I did not.


 In resolving the applicant's claim of ineffective counsel, it is important to know
exactly when the applicant was arrested. We therefore remand the cause to the convicting
court with instructions to conduct further fact-finding proceedings under Article 11.07,
Section 3 (d) of the Texas Code of Criminal Procedure, (6) to resolve the question exactly when
the applicant was arrested for the offense. The convicting court shall supplement the habeas
record with copies of any and all documents upon which its findings are based, and the
transcript of any hearing which it may conduct.

 This application will be held in abeyance until the convicting court has resolved this
fact issue. The issue shall be resolved within sixty (60) days of this order. A supplemental
transcript, along with the convicting court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within ninety (90) days of the date of this order. Any
extensions of time shall be obtained from this Court.

 It is so ordered.


Filed: June 28, 2006


Do Not Publish
1. Tex. Const. art. I, § 10.
2. Heidelberg v. State, 112 S.W.3d 658 (Tex. App. - Houston [1st] 2003).
3. Heidelberg v. State, 144 S.W.3d 535 (Tex. Crim. App. 2004).
4. Tex. Code Crim. Proc. art. 11.07.
5. Tex. Const. art. I, § 10.
6. "To resolve those issues the court may order affidavits, depositions, interrogatories, and
hearings, as well as using personal recollection."